## COMMONWEALTH *vs.* SAMUEL HILLIARD.

On the trial of an indictment for a murder, committed immediately after an assault by the deceased upon the defendant, evidence that the general character and habits of the deceased were those of a quarrelsome, fighting man, of great strength, is inadmissible to prove the provocation, and apprehension of bodily harm, under which the defendant acted.

AT the trial of the defendant, before the chief justice and Justices Metcalf and Bigelow, on the 25th of May 1855, for the murder of James L. Warren, there was evidence tending to prove an assault by the deceased upon the defendant, immediately before the striking of the mortal blow.

*J. G. Abbott,* for the defendant, offered evidence that the general character and habits of the deceased were those of a quarrelsome, fighting, vindictive and brutal man of great strength, as a circumstance tending to show the nature of the provocation under which the defendant acted, and that he had reasonable cause to fear great bodily harm ; and cited *Quesenberry* v. *The State,* 3 Stew. & Port. 308; *The State* v. *Tackett,* 1 Hawks, 210 ; *Oliver* v. *The State,* 17 Alab. 599 ; *Commonwealth* v. *Seibert,* Wharton on Homicide, 227.

*J. H. Clifford,* (Attorney General,) objected to the admissibility of the evidence, and cited *Commonwealth* v. *York,* 7 Law Reporter, 507–509.

By THE COURT. The evidence is inadmissible. If such evidence were admitted on behalf of the prisoner, it would be competent for the Commonwealth to show that the deceased was of a mild and peaceable character. Such evidence is too remote and uncertain to have any legitimate bearing on the question at issue. The provocation under which the defendant acted must be judged of by the *res gestæ;* and the evidence must be confined to the facts and circumstances attending the assault by the deceased upon the defendant.

*Verdict, guilty of manslaughter.*